```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                          Norfolk Division
```

**DANNETTA G. SPELLMAN,**

        **Plaintiff,**

    v.                                    CIVIL NO. 2:17cv635

**THE SCHOOL BOARD OF THE CITY
OF CHESAPEAKE, VIRGINIA,**

        **Defendant.**

<u>**MEMORANDUM FINAL ORDER**</u>

This matter comes before the court on Defendant's Motion for Summary Judgment ("Motion"), and accompanying Brief in Support, filed on April 23, 2019. ECF Nos. 40, 41.[1] Plaintiff filed a Brief in Opposition on May 8, 2019, ECF No. 42.[2] Defendant filed a Reply on May 16, 2019. ECF No. 49.

On May 17, 2019, this court referred the Motion to United States Magistrate Judge Lawrence R. Leonard, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motion. ECF No. 52. The

---

    [1] Defendant later filed an amended Brief in Support. ECF No. 50.

    [2] Plaintiff later filed an amended Brief in Opposition. ECF No. 45.

Magistrate Judge held a hearing on the Motion on August 15, 2019. ECF No. 57. The Magistrate Judge then ordered Plaintiff and Defendant to submit additional evidence, ECF No. 58, which they did on August 23, 2019, and August 30, 2019, respectively. ECF Nos. 59, 60.

The Magistrate Judge filed the Report and Recommendation ("R&R") on October 15, 2019. ECF No. 61. The Magistrate Judge recommended that Defendant's Motion be granted and Plaintiff's Complaint be dismissed with prejudice. R&R at 1. By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. See id. at 30-31. On October 29, 2019, Plaintiff filed Objections to the R&R, ECF No. 62, and Defendant filed a Response on November 12, 2019, ECF No. 64. Plaintiff requested a hearing on her Objections. ECF No. 63.

## I. LEGAL STANDARD

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which a party has "properly objected." Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

Objections, however, "must be made with sufficient specificity so as reasonably to alert the district court of the true ground of the objection." Scott v. Virginia Port Auth., No. 2:17CV176, 2018 WL 1508592 at *2 (E.D. Va. Mar. 27, 2018) (Jackson, J.) (citation omitted). "General or conclusory objections are the equivalent of a waiver." Id. Thus, absent a specific, proper objection, the court only reviews for clear error. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also, e.g., United States Underwriters Ins. Co. v. ITG Dev. Grp., LLC, 294 F. Supp. 3d 18, 23 (E.D.N.Y. 2018) ("The clear error standard also applies when a party makes only conclusory or general objections."). The court is not required to hold a hearing on the Motion. See Fed. R. Civ. P. 78(b); E.D. Va. Civ. R. 7(J).

## II. DISCUSSION

Plaintiff makes three specific objections to the R&R. The court addresses each in turn.[3]

### A. Holk, Ward, and Hahn Affidavits

Plaintiff argues that the R&R wrongly excluded affidavits from Glenn Holk, Patricia Ward, and Theresa Hahn. Objs. at 3. The

---

[3] Importantly, the parties have had a full opportunity to develop the facts in this case, which has been pending in this court since December 2017. Discovery is complete, and the court issued the Final Pretrial Order on June 7, 2019. ECF No. 55. The case was scheduled for trial on June 25, 2019. See Rule 16(b) Scheduling Order, ECF No. 39. The trial was removed from the docket pending resolution of the Motion for Summary Judgment. ECF No. 56.

Magistrate Judge, however, correctly held that the Holk, Ward, and Hahn affidavits are inadmissible under Federal Rule of Civil Procedure 56.[4] See R&R at 6 n.3. Rule 56 requires that an affidavit be made "on personal knowledge [and] set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4). The affidavits do not meet either requirement. While the affidavits state that the affiants were treated differently than Plaintiff, they do not contain any basis for their assertions that this treatment was because of discrimination. Instead, the affidavits simply claim, without any support, that Plaintiff was treated differently because of her race and age. See, e.g., Holk Aff. ¶ 4, ECF No. 45-3 ("Spellman and I were subject to the identical policies and procedures as colleagues, but Pinello discriminated against Spellman by applying those policies and procedures in a harsh and discriminatory manner against Spellman without just cause or good reason."); id. ¶ 8 ("I have no doubt in my mind that Pinello treated Spellman differently than she treated us as Spellman's Caucasian co-coworkers because of Pinello's discriminatory bias against Spellman."). As such, they are inadmissible. See, e.g., Crouse v. Wal-Mart Stores E., Inc., No. 1:01CV00079, 2002 WL 1046714 at *4 (W.D. Va. May 23, 2002) ("Under Rule 56, affidavits based merely upon personal belief are inadmissible.").

---

[4] Plaintiff filed the Affidavits as exhibits to her Brief in Opposition to Defendant's Motion. ECF Nos. 45-2, 45-3, 45-4.

Furthermore, even if admissible, the unsupported allegations of differential treatment do not create a genuine issue of material fact that precludes summary judgment.[5] See Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) ("Unsupported speculation is not sufficient to defeat a summary judgment motion."); Ahmed v. Schnatter, No. CIV. S 00-2160, 2001 WL 1924523 at *2 (D. Md. Feb. 8, 2001), aff'd, 8 F. App'x 229 (4th Cir. 2001) ("All that plaintiff brings forward are his subjective beliefs, and those of members of his family, that he was discriminated against . . . but he has failed to submit any opposing material sufficient to generate a triable issue under applicable case law . . . ."). Accordingly, the objection based on the affidavits is **OVERRULED**.

**B. Arlene Lee's Belief of Discrimination**

Plaintiff objects to the R&R's conclusion that Arlene Lee's statements regarding whether Plaintiff experienced discrimination are inadmissible and irrelevant. Objs. at 6; see R&R at 6 n.5. Plaintiff and Defendant dispute whether Ms. Lee believed that Plaintiff was subject to discrimination. See Am. Br. in Opp. at 25, ECF No. 45. But whether or not Ms. Lee, a lay witness, believed that Defendant discriminated against Plaintiff is not admissible,

---

[5] See supra note 3.

because Plaintiff does not point to any factual basis for Ms. Lee's testimony.[6]

Opinion testimony is only admissible where it is "rationally based on the witness's perception." Fed. R. Evid. 701(a); see also United States v. Perkins, 470 F.3d 150, 155-56 (4th Cir. 2006) ("[L]ay opinion testimony must be based on personal knowledge.") (emphasis omitted). Here, when asked, "[d]id it ever occur to you that [the reason for Plaintiff's termination] could have been a bias reason?", Ms. Lee stated, "Yes, sir." Lee Dep. at 33:11-13, ECF No. 45-8. Plaintiff, however, does not point to any factual basis for this belief.[7] Accordingly, Ms. Lee's statement that it occurred to her that Plaintiff could have been terminated for a "bias reason" does not meet the requirement that lay opinion testimony be "rationally based on the witness's perception." Fed. R. Evid. 701(a).

Furthermore, even if admissible, Ms. Lee's belief that Plaintiff "could have" been terminated because of bias is not enough to create a genuine issue of material fact. See Felty, 818 F.2d at 1128; Ahmed, 2001 WL 1924523 at *2. Ms. Lee's testimony that she did not believe Plaintiff was treated differently because of her race or age buttresses this conclusion. See Lee Dep. at

---

[6] See supra note 3.

[7] See supra note 3.

6

25:11-20, ECF No. 41-3. Because Ms. Lee's testimony is inadmissible and insufficient to create a genuine dispute of material fact, Plaintiff's objection is **OVERRULED**.

## C. Cat's Paw Liability

Plaintiff's final objection is that "[t]he Magistrate Judge's decision that the Cat's Paw theory insulates the defendant School Board from liability to Spellman is incorrect." Objs. at 9. Plaintiff supports this claim by arguing that Defendant reached its decision to terminate Plaintiff because of Ms. Pinello's alleged bias against Plaintiff. Objs. at 9-10. This objection misunderstands cat's paw liability. There is no evidence that bias tainted Ms. Pinello's recommendation not to reemploy Plaintiff. But even if there were, Defendant would only be liable if it relied *entirely* on that tainted recommendation in terminating Plaintiff. That is because "the Fourth Circuit recognizes a 'cat's paw' theory of employment discrimination only in extremely limited circumstances where the formal decision-maker operates as such a 'rubber stamp' as to have effectively abdicated decision-making authority to some lower-level subordinate." Zanganah v. Council of Co-Owners of Fountains Condo., Inc., No. 1:10cv219, 2010 WL 5113637 at *5 (E.D. Va. Dec. 8, 2010) (Brinkema, J.).

Here, however, Plaintiff does not dispute the following facts, which show that Defendant did not "rubber stamp" Ms. Pinello's recommendation. Five other individuals, in addition to

7

Ms. Pinello, evaluated Plaintiff's performance over the course of her employment. R&R at 29. Human Resources recommended that Plaintiff's employment be terminated. Id. at 29-30. An independent Hearing Officer recommended that Plaintiff's employment be terminated. Id. at 30. Finally, Defendant voted unanimously to uphold the Hearing Officer's decision to terminate Plaintiff's employment. Id. Plaintiff's speculation that the School Board members "reached a decision . . . before the grievance record was presented to the School Board", Objs. at 9, lacks any factual basis.[8] Therefore, the R&R correctly held that there is no basis for cat's paw liability here. Plaintiff's objection is **OVERRULED**.

### D. Remainder of R&R

The court has reviewed the remainder of the R&R for clear error, and finds none.

### III. CONCLUSION

The court, having examined Plaintiff's Objections to the R&R, and having made de novo findings with respect thereto, does **OVERRULE** Plaintiff's Objections. The court **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the R&R of the United States Magistrate Judge, filed on October 15, 2019. ECF No. 61. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

---

[8] See supra note 3.

Plaintiff's Request for Hearing, ECF No. 63, is **DENIED** because a hearing is not necessary to resolve the Motion.

The Clerk is **DIRECTED** to send a copy of this Memorandum Final Order to the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

January 6, 2020